Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6079 | **DATE** | 10/27/2000 |
| **CASE TITLE** | USA vs. Miguel Martinez #10667-424 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Accordingly "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court" (Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts). That being the case, the motion and this action are dismissed summarily (id.). (1-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | OCT 31 2000 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 OCT 30 PM 2:42 | 2 |
| | | | 10/30/2000 |
| | | | date mailed notice |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                  ) | |
|            Plaintiff,            ) | |
|                                  ) | |
|     v.                           ) | No.  00 C 6079 |
|                                  ) |     (99 CR 733) |
| MIGUEL MARTINEZ #10667-424,      ) | |
|                                  ) | |
|            Defendant.            ) | |

DOCKETED
OCT 3 1 2000

MEMORANDUM OPINION AND ORDER

Miguel Martinez ("Martinez") has filed a self-prepared motion under 28 U.S.C. §2255 ("Section 2255"), claiming that he was the victim of inadequate representation by counsel in connection with his sentencing following a guilty plea entered into before this Court. But that claim amounts to nothing better than an impermissible effort at second-guessing, a conclusion confirmed by the very transcript of Martinez' April 20, 2000 sentencing proceeding (cited, e.g., "Tr. 4:18"[1]) that he has attached to his motion.[2]

It is not simply that when this Court began its regular sentencing procedure of explanation combined with probing questioning, Martinez (though a bilingual interpreter) said at

---

[1] As should be apparent, the number before the colon identifies the transcript page, while the number after the colon denotes the line on that page.

[2] Although this Court's reading of the transcript confirms the existence of a substantial number of obviously garbled reproductions of the statements and colloquies that took place, the emptiness of Martinez' charge against his lawyer emerges clearly from that reading.

2

the outset (Tr. 4:18 to 5:5):

> THE COURT [to Martinez' codefendant]: Now am I correct though in assuming from your answer that you not only had the opportunity to go over the presentence report, but also to discuss it with your lawyer?
>
> THE INTERPRETER: Yes.
>
> THE COURT: Let me pose the same questions then, Mr. Martinez, to you.
>
> THE INTERPRETER: Yes. They did explain to me very well how the points were applied and the points that were being applied to me for this crime.
>
> THE COURT: And did you also have the opportunity not only to go through the presentence investigation report, but also to confer about it with your lawyer?
>
> THE INTERPRETER: Yes.

In addition to that, Martinez' counsel (as part of a well-presented argument on his client's behalf) expressly asked this Court to consider a downward departure from the Sentencing Guideline range based on Martinez' alienage and the resulting less favorable treatment than that accorded to a United States citizen under identical circumstances (Tr. 9:19 to 10:12). This Court addressed that claim in detail (Tr. 17:16 to 21:10). And having done so, this Court explained why the motion for downward departure on that basis, made orally by Martinez' counsel, would not be granted under the circumstances of the offense committed by Martinez and his co-defendant (Tr. 22:6 to 23:1).

Martinez also cavils at the claimed inadequacy of his lawyer's representation because of counsel's failure to urge

2

Martinez' assertedly lesser role in the offense (either that of a minor or a minimal participant). But the short answer to that contention is that this Court not only gave full consideration to that very question but also expressly rejected it as to both Martinez and the co-defendant (Tr. 23:2 to 23:14). It never amounts to constitutionally inadequate representation by counsel when the asserted deficiency is in a respect that would be a sure loser if counsel had acted as the client's Monday morning quarterbacking now suggests (this is the second prong of the analysis under the seminal decision in Strickland v. Washington, 466 U.S. 668 (1984)).

Accordingly "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court" (Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts). That being the case, the motion and this action are dismissed summarily (id.).

                                        Milton I. Shadur
                                        Senior United States District Judge

Date: October 27, 2000